See also, Naser *v.* F. N. Bk., 116 N. Y. 492 ; Thompson *v.* Hazard, 120 Id. 634 ; Bullock *v.* Bemis, 51 Hun, 637, Greer *v.* Greer, 58 Hun, 251 ; Mayor, etc, *v.* Nat. B. Bk., 56 Id. 649 ; Weller *v.* Weller, 112 N. Y. 655 ; Hatch *v.* Attrill, 110 Id. 383.

---

Roxana H. Lawrence, as Executrix, etc., *et al.*, Respondents, *v.* Henrietta Church, as Executrix, etc., Appellant.

*Court of Appeals, December 8, 1891.*

*Appeal. Amendment.*—Where the respondent, after reversal of the judgment and granting of a new trial in the court of appeals, was willing on a motion to amend the remittitur, to remit all right to recover any item other than one to which no valid answer was shown on the trial, the court amended it so as to permit such reduction, especially in view of the insolvency of the appellant's estate.

Motion to amend remittitur.

*J. H. Stevens*, for motion ; no one in opposition.

PECKHAM, J.—In this case if the question had been presented to us of striking out all other items of recovery and simply retaining the judgment for the $3,000, with interest from the commencement of this action, we think we should

have made such an order. The plaintiffs' willingness to so consent was not presented, and had not occurred to us. The record shows no error regarding the $3,000 item, excepting the allowance of interest from the time of the execution of the contract. A plain case for recovery of the principal sum was proved. There was, however, no demand for its payment prior to the commencement of this action proved, and we thought that the plaintiff might very probably be able to prove it, and such demand would permit interest to run on the principal from the time it was made. We assumed the plaintiff would also desire to prove her other demands. She, however, thinks proper to remit all interest, except from the time of the commencement of the action, and to remit all right to recover any other item which entered into the original judgment. We think she should be permitted to do this.

The statement as to the insolvency of the estate of the defendant's testator certainly strengthens the reason for granting the amendment. The defense has been heard as to the $3,000 item and no valid answer to the claim was shown. If there be a question as to the solvency of the estate, the plaintiff should have the benefit of the judgment she obtained, modified as provided. Upon all the facts it is clear that justice will be promoted by granting this motion.

Ordered, that the supreme court be requested to return remittitur here into this court, and when so returned it is further ordered that the remittitur be amended by providing that the judgments of the general and special terms be reversed and new trials ordered, unless the plaintiff stipulates and consents that the original judgments against the defendant be modified by deducting therefrom all sums excepting the amount of $3,000 with interest thereon from the commencement of this action, and in case the plaintiff so consents, then the judgments so modified are affirmed, without costs to the plaintiff in any court.

All concur.